```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

_____
                                   )
LEONARD EDWARDS,                   )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   Civil Action No. 13-236 (EGS)
                                   )
VINCENT GRAY, et al.,              )
                                   )
          Defendants.              )
_____)

## MEMORANDUM OPINION

Plaintiff Leonard Edwards brings this *pro se* action alleging that his former employer, the District of Columbia Fire and Emergency Medical Services Department ("Department"), refused his request for a reasonable accommodation of his disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794; discriminated against him based on his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; and retaliated against him in violation of the ADA and Title VII. Pending before the Court is defendants' motion to dismiss plaintiff's failure-to-accommodate and race-discrimination claims. Upon consideration of the motion, the responses and replies thereto, the applicable law, and the entire record, the Court **GRANTS IN PART AND DENIES IN PART** defendants' motion.

## I. BACKGROUND

Plaintiff is an African-American male who has type-2 diabetes. *See* Fifth Am. Compl., Dkt. No. 9 ¶ 2. He was employed by the Department until being terminated from employment on October 13, 2007. *Id.* ¶¶ 3-4. His complaint alleges a series of events in which he feels the Department discriminated and retaliated against him, leading to his termination.

The first such event occurred in early 2007, after Mr. Edwards filed a complaint, the contents of which are unclear, with the Department's Equal Employment Office. *Id.* ¶ 11. Shortly after Mr. Edwards filed the complaint, a Department officer ordered him to take a fitness-for-duty physical. *Id.* ¶ 12.

The second event occurred in March 2007, when Mr. Edwards was placed on personal sick leave after being injured on the job. On March 13, 2007, Mr. Edwards sustained a back injury during a Department training event. *Id.* ¶ 14. He was ordered to report to the Department's clinic on March 23, 2007 for evaluation. *See id.* ¶¶ 15, 18. Upon arriving at the clinic, Mr. Edwards was "ordered to sign a prewritten letter," the contents of which are unclear. *Id.* ¶ 19. For some reason, this letter prompted plaintiff to file a complaint with the Department's Office of Risk Management, asserting that "his right to choose a physician of his choice had been violated." *Id.* ¶ 20. Four days after Mr. Edwards filed this complaint, the defendants removed him from

performance-of-duty sick leave and placed him on personal sick leave, even though he had no accrued personal sick leave. *See id.* ¶¶ 21-22. Mr. Edwards views his placement on personal sick leave "as retaliation . . . for filing a complaint with Risk Management," *id.* ¶ 23, and appears to allege that he stopped receiving his salary afterwards. *See id.* ¶ 41.

The third event occurred two months later, in May 2007. For reasons that are not explained in the complaint, Mr. Edwards appears to have returned to work by May 16, 2007, when he was involved in a car accident while driving a Department vehicle. *See id.* ¶ 25. After the accident, Mr. Edwards went to the Department's clinic, where he was asked to sign a "Disclosure and Release" form and to take a psychological examination. *Id.* ¶¶ 28-31. He never took the examination because he "repeatedly verbally asked to visit a private psychologist" rather than a Department psychologist, but his requests were denied. *Id.* ¶¶ 34(a), 34(b).

The final allegedly discriminatory and retaliatory event occurred on October 13, 2007, when plaintiff was terminated from employment. *Id.* ¶ 42. Although he does not explain the circumstances of his termination, Mr. Edwards alleges that the events described in the complaint "were committed by white officers" whose "actions . . . were racially motivated" and that

"he was treated differently from other firefighters in the same predicament." *Id.* ¶¶ 39, 50-51.

On November 5, 2007, Mr. Edwards filed a formal complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that the Department discriminated against him based on his race, age, and disability, and that the Department retaliated against him for engaging in protected activity. *Id.* ¶ 7. On November 20, 2012, the EEOC determined that it could not substantiate the charges. *See* Ex. A to Pl.'s Supplemental Opp. to Mot. to Dismiss ("Suppl. Opp."), Dkt. No. 28.

Mr. Edwards received notice of the EEOC's determination on December 14, 2012. Fifth Am. Compl., Dkt. No. 9 ¶ 8. On February 25, 2013, he filed this *pro se* lawsuit, alleging that the defendants denied him a reasonable accommodation of his disability, discriminated against him because of his race, and retaliated against him. Compl., Dkt. No. 1. Soon after bringing this case, Mr. Edwards filed a series of amended complaints, culminating in his Fifth Amended Complaint.

On March 28, 2013, the defendants moved to dismiss Mr. Edwards's failure-to-accommodate and race-discrimination claims. *See* Defs.' Mot. to Dismiss ("Mot."), Dkt. No. 20. Plaintiff filed an opposition on April 2, 2013, in which he asserted that he had successfully pled a claim under the ADA and the Rehabilitation Act, and did not defend his Title VII claim. *See*

Pl.'s Opp. to Mot. to Dismiss, Dkt. No. 24. Defendants noted in their reply that Mr. Edwards did not respond to the substance of any of their arguments. *See* Reply in Supp. of Mot. to Dismiss ("Reply"), Dkt. No. 25.

On April 22, 2013, the Court issued an order advising plaintiff of his obligation to respond to the defendants' arguments and the consequences of failing to do so. *See* Order, Dkt. No. 27 at 1. Mr. Edwards filed a supplemental response, Suppl. Opp., to which defendants responded on June 7, 2013, asserting that plaintiff still had not opposed any of their arguments. *See* Defs.' Suppl. Reply, Dkt. No. 29. Four days later, Mr. Edwards filed yet another brief, which asserted that "the legal standards imposed on a licensed attorney should not totally apply to a Pro Se party," but did not otherwise address defendants' arguments. Pl.'s Third Opp. to Mot. to Dismiss, Dkt. No. 30 at 1. On June 14, 2013, defendants reiterated that plaintiff had not responded to their arguments. *See* Defs.' Second Supplemental Reply, Dkt. No. 31. Defendants' motion is now ripe for the Court's decision.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that

the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted; alteration in original). While detailed factual allegations are not necessary, a plaintiff must plead enough facts "to raise a right to relief above the speculative level." *Id.*

When ruling on a Rule 12(b)(6) motion, the court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002). The Court must construe the complaint liberally in plaintiff's favor and grant plaintiff the benefit of all reasonable inferences deriving from the complaint. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The Court must not accept inferences that are "unsupported by the facts set out in the complaint." *Id.* "Nor must the court accept legal conclusions cast in the form of factual allegations." *Id.* "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even a *pro se* complainant, however, must plead "'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1950).

**III. ANALYSIS**

Defendants argue that: (1) plaintiff failed to state a claim for denial of a reasonable accommodation because he did not demonstrate any connection between his alleged disability and the accommodation he sought, and (2) he failed to state a claim for racial discrimination because he alleged no facts to support an inference that he was mistreated because of his race.[1]

**A.  Plaintiff Failed to State a Claim for Denial of a Reasonable Accommodation.**

Mr. Edwards asserts that the defendants' denial of his request to take a psychological examination with a private psychologist was a failure to accommodate his disability, type-2 diabetes. It is well settled that the ADA and Rehabilitation Act "do[] not cover every individual with an impairment who suffers an adverse employment action." *Flemmings v. Howard Univ.*, 198 F.3d 857, 860 (D.C. Cir. 1999). Rather, they prohibit employers from

---

[1] Defendants assert that plaintiff did not address the substance of their arguments and ask that the Court treat their motion as conceded. *See* Reply at 1-2. The Court need not treat unopposed arguments as conceded, however, and declines to do so here given Mr. Edwards's repeated opposition to defendants' motion.

discriminating "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a); *see also* 29 U.S.C. § 794(a) (prohibiting discrimination "by reason of [an individual's] disability"). Accordingly, while a plaintiff may prove discrimination by showing that his employer failed to provide a "reasonable accommodation[]" of his disability, 42 U.S.C. § 12112(b)(5)(A), an employer need only provide an accommodation that is "responsive to and tailored to a specific disability." *Coleman-Adebayo v. Leavitt*, 326 F. Supp. 2d 132, 143 (D.D.C. 2004); *see also, e.g.*, *Adams v. Rice*, 531 F.3d 936, 944 (D.C. Cir. 2008) ("When an employee seeks a workplace accommodation, the accommodation must be related to the limitation that rendered the person disabled.") (quotation marks omitted); *Jones v. Nationwide Life Ins. Co.*, 696 F.3d 78, 89 (1st Cir. 2012).

Neither Mr. Edwards's complaint nor any of his oppositions to the defendants' motion explain how his type-2 diabetes is connected to his request to visit a private psychologist for a Department-ordered examination. Mr. Edwards alleges that he suffers from degenerative-disc disease and hypertension, Fifth Am. Compl., Dkt. No. 9 ¶ 9, but does not connect these conditions to his request either. Mr. Edwards's assertions that he "reserved his rights because of his medical condition (Diabetes)," and that "[t]here is a causal connection between the termination and the reserved rights," Suppl. Opp. at 4, do

8

not answer the relevant question: how is diabetes related to Mr. Edwards's desire to visit a private psychologist? Because the Court cannot answer this question, Mr. Edwards's failure-to-accommodate claims under the ADA and the Rehabilitation Act must be dismissed.

### B. Plaintiff Stated a Claim Under Title VII.

To bring an actionable discrimination claim under Title VII, Mr. Edwards must establish that "(1) [he] is a member of a protected class, (2) [he] suffered an adverse employment action, and (3) the unfavorable action gives rise to an inference of discrimination." *Stella v. Mineta*, 284 F.3d 135, 145 (D.C. Cir. 2002) (quotation marks omitted); *see also Nguyen v. Mabus*, 895 F. Supp. 2d 158, 174 (D.D.C. 2012). Although it is well established that "'an employment discrimination plaintiff is not required to plead every fact necessary to establish a prima facie case to survive a motion to dismiss,'" *Rodriguez v. Donovan*, 922 F. Supp. 2d 11, 17 (D.D.C. 2013) (quoting *Jones v. Air Line Pilots Ass'n*, 642 F.3d 1100, 1104 (D.C. Cir. 2011), a plaintiff must nevertheless "plead sufficient facts to show a plausible entitlement to relief." *Id.*

It is undisputed that Mr. Edwards alleged the first two elements of a prima facie case by asserting that he "is a . . . Black American" and that he was "terminated by DCFD." Fifth Am. Compl., Dkt. No. 9 ¶¶ 2, 3. Defendants contend that Mr. Edwards

failed to support an inference of discrimination because he asserted only that the officers who took action against him were white and that he was treated differently than other firefighters. *See* Mot. at 9. The Court need not address whether that alone raises an inference of discrimination, however, because plaintiff made additional allegations which help to support such an inference.

Plaintiff's complaint describes a series of events that paint a *plausible* picture of Department officers singling him out for unfair discipline, culminating in his termination. First, Mr. Edwards was ordered to take a fitness-for-duty physical soon after he filed an equal-employment-opportunity complaint against a supervisor. Fifth Am. Compl., Dkt. No. 9 ¶¶ 11-12. Then, after being injured on the job, he was removed from performance-of-duty sick leave and his salary was withheld. *Id.* ¶¶ 14, 21-22, 41. Next, his request to see a private psychologist in connection with a Department-ordered examination was denied. *Id.* ¶¶ 34(a), 34(b). Finally, he was terminated from employment. *Id.* ¶ 42. This discipline, Mr. Edwards alleges, deviated from the defendants' treatment of other firefighters. *See id.* ¶ 50. He also alleges that each event was driven by white officers whose actions "were racially motivated." *Id.* ¶¶ 39, 51. While Mr. Edwards does not fully explain the circumstances of each event, the Court must accept his allegations as true at this stage.

A liberal reading of Mr. Edwards's *pro se* complaint inevitably leads to the conclusion that he is also asserting that the firefighters who received better treatment were members of a different race. Indeed, if plaintiff was mistreated by racially motivated white officers and other firefighters were treated better, it follows that the others were either members of a different race or were supervised by different officers. *Cf. Montgomery v. Omnisec Int'l Sec. Servs.*, __ F. Supp. 2d __, 2013 WL 4427194, at *4 (D.D.C. Aug. 20, 2013) (in ruling on a motion to dismiss a *pro se* complaint, the court may read separate allegations together where doing so "leads to the undeniable conclusion that plaintiff believes the two facts were . . . linked"). Either way, plaintiff's complaint alleges that he received disparate treatment for racially discriminatory reasons, and supports that allegation with sufficient factual detail to state a *plausible* claim. This is sufficient to survive a motion to dismiss. *See, e.g., Jones v. Ottenberg's Bakers*, __ F. Supp. 2d __, 2013 WL 6119322, at *5 (D.D.C. Nov. 21, 2013) (because "an allegedly racially motivated deviation from standard procedure may raise an inference of discrimination at the motion-to-dismiss stage," plaintiff stated a claim by alleging that his employer targeted him for racially discriminatory discipline that deviated from its standard response); *Winston v. Clough*, 712 F. Supp. 2d 1, 10 (D.D.C.

2010) (plaintiff stated a claim for racial discrimination by alleging that he was subject to discipline that "was motivated by [his] race and color" and "that other co-workers outside of [his] protected class" engaged in the same behavior for which he was disciplined "yet none was suspended or disciplined for it").

The Court emphasizes that its role at this stage of the proceedings is to review Mr. Edwards's *pro se* complaint liberally to determine whether it contains factual allegations sufficient to make out "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. While the complaint is not the model of clarity, it contains sufficient factual content to support an inference of discrimination at this stage. Accordingly, defendants' motion to dismiss plaintiff's Title VII discrimination claim is denied.

**IV. CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is hereby **GRANTED IN PART AND DENIED IN PART**. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:** **Emmet G. Sullivan**
**United States District Judge**
**December 20, 2013**